**SIGNED THIS: November 04, 2010**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JANET D. RYAN, | )   Case No. 10-83346 |
| | ) |
| Debtor. | ) |

**O P I N I O N**

Janet Ryan has filed a motion to "reinstate" a Chapter 7 bankruptcy case that she alleges was commenced on October 28, 2010, when 37 pages of documents were uploaded by her attorney to initiate a new case filing via Electronic Case Filing ("ECF"). The filing was assigned Case No. 10-83346. The uploaded documents did not include a petition.

The next day, October 29, 2010, at 1:23 p.m., a dismissal order was entered finding that the filing violated section 301(a), providing that a voluntary case is commenced by the filing with the bankruptcy court of a petition. 11 U.S.C. § 301(a). About an hour and one-half later, at 2:51 p.m., counsel for Janet Ryan filed a voluntary petition. The petition was not uploaded as part of a new case filing, however. Instead, it was filed as Document No. 7 in Case No. 10-83346. It was followed shortly by the filing of the motion to reinstate,

alleging that counsel's bankruptcy filing software was to blame for the omitted petition, which represents that it was signed by Janet Ryan and counsel on October 28, 2010.

Although bankruptcy courts liberally allow errors and omissions in filed documents to be remedied through corrected or amended documents, the omission of a petition is a unique circumstance. The clear import of section 301(a) is that a case under Title 11 cannot be commenced without a petition. *See Matter of Deuel,* 594 F.3d 1073, 1077 (9th Cir. 2010) (the petition and only the petition commences a bankruptcy case); *In re Castro,* 158 B.R. 180, 183 (Bankr.C.D.Cal. 1993) (the filing of a voluntary petition, not the schedules, commences the case); *In re Koliba,* 338 B.R. 39, 44 (Bankr.N.D.Ohio 2006) (bankruptcy court's jurisdiction arises when a petition is filed). Since Janet Ryan's filing of bankruptcy schedules and related documents on October 28, 2010, did not include a petition, that filing did not commence a bankruptcy case.[1]

The problem is that the Court's ECF system processed the filing as if a petition was included. The case number was assigned, an interim Chapter 7 Trustee was identified, a meeting of creditors was scheduled, a deadline for filing objections to discharge was set. The ECF system designated the date of filing as October 28, 2010. Despite the dismissal on October 29, 2010, the Bankruptcy Noticing Center performed its usual service, triggered automatically by the filing, and mailed to all creditors the Notice of Chapter 7 Bankruptcy Case stating the date of filing as October 28, 2010.

Regardless of how it happened or who or what is to blame, the failure to file a petition is not an error that is correctable in the context of the pending case docket. The

---

[1] Before ECF, had the clerk's office received the papers filed by Ryan on October 28, 2010, they would have been rejected as insufficient, for lack of a petition, to open a new case.

2

attempted new case filing is a nullity that is void *ab initio*. Dismissal was proper and reinstatement is not an available option. Since no case was commenced, there is no case to reinstate. Janet Ryan's only bankruptcy option is to commence a new case, correctly, by filing a petition.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###